Marcie E. Schaap #4660
Joseph D. Amadon #16386
Marcie E. Schaap, Attorney at Law, P.C.
4760 S. Highland Drive   #333
Salt Lake City, Utah 84117
Telephone:      (801) 201-1642
Facsimile:      (801) 666-7749
E-mail:
marcie@marcieeschaap.com
joe@marcieeschaap.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICE, INC. dba MCKAY-DEE HOSPITAL, | **COMPLAINT** |
| Plaintiff, | Case No. 2:22-cv-00269-DAO |
| v. | Magistrate Judge Daphne A. Oberg |
| WESTERN GOVERNORS UNIVERSITY, and CIGNA HEALTH AND LIFE INSURANCE COMPANY, | |
| Defendants. | |

Plaintiff, through its undersigned counsel, complains and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, IHC HEALTH SERVICES, INC. ("IHC"), operates several hospitals in the Intermountain Area, including MCKAY-DEE HOSPITAL ("MDH" or the "Hospital"), in Ogden, Utah.

2. IHC and the Hospital may be referred to collectively herein as "Plaintiff."

3. WESTERN GOVERNORS UNIVERSITY ("WGU" herein) is a Utah corporation.

4. WGU funds a health insurance plan (the "Plan" herein) for its employees.

5. B.L. is a beneficiary and participant of the Plan.

6. WGU is the Plan Administrator of the Plan.

7. Defendant contracted with Cigna Health and Life Insurance Company ("Cigna" herein) to act as claims administrator for the Plan.

8. Cigna acts on behalf of Defendant in determining whether or not claims are to be paid.

9. Cigna pays claims in accordance with the Plan rules established by Defendant.

10. Cigna acts as an agent of Defendant in administering the Plan.

11. The Plaintiff provided medical treatment to B.L. at the Hospital in Ogden, Utah, on March 27, 2019 through March 28, 2019 (the "Dates of Service").

12. B.L. was, at all times relevant hereto, a resident of the State of Utah.

13. B.L. signed an Assignment of Benefits ("AOB") in favor of the Plaintiff for the claim which is in dispute herein.

14. The AOB authorizes Plaintiff to appeal, negotiate, or otherwise pursue payment of any benefits from the Plan for the Dates of Service.

15. The AOB designated the Plaintiff as an authorized member representative to appeal all denied claims.

16. Pursuant to the AOB, Plaintiff "stands in the shoes" of B.L. as a beneficiary of the Plan.

17. This is an action brought under ERISA. This Court has jurisdiction in this matter under 29 U.S.C. § 1132(e)(1). Venue is appropriate under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(c) because the communications during the administrative appeal process took place

between the Plaintiff and the Defendant in the State of Utah, and the breaches of ERISA and the Plan occurred in the State of Utah. Additionally, ERISA provides in 28 U.S.C. § 1391(c)(3) that "a defendant not resident in the United States may be sued in any judicial district." Moreover, based on ERISA's nationwide service of process provision and 28 U.S.C. § 1391, jurisdiction and venue are appropriate in the District of Utah.

18. The remedies Plaintiff seeks under the terms of ERISA are for the benefits due under 29 U.S.C. § 1132(a)(1)(B), for penalties pursuant to 29 U.S.C. § 1132(a)(1)(c), for interest and attorneys' fees under 29 U.S.C. § 1132(g), and for other appropriate equitable relief under 29 U.S.C. § 1132(a)(3).

## FACTUAL BACKGROUND

### A. Claims and Claim Processing

19. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

20. B.L. was emergently admitted to the Hospital for surgery after presenting with increased heart rate, redness, and was febrile.

21. All care was provided in accordance with current medical guidelines under the direction of the treating and consulting physicians as indicated by clinical findings, ongoing assessments, and patient reports, and tailored to B.L.'s unique health care needs.

22. The Plaintiff's billed charges for the treatment it rendered to B.L. at the Hospital were $10,984.39 ("Billed Charges").

23. The Hospital submitted a claim to the Defendants and/or their agents in a timely manner for B.L.'s Billed Charges.

24. The Defendants paid $0.00 to the Hospital for this claim.

25. The Defendants and/or their agents denied Plaintiff's claim because Defendants asserted treatment was provided out of network, the Billed Charges exceeded a maximum allowed amount, and there was no preauthorization.

26. Plaintiff has made timely appeals to Defendants and/or their agent, however Defendants denied these appeals.

27. Plaintiff has exhausted its administrative remedies under the Plan.

28. Plaintiff's appeals requested the underlying data for Defendants' calculation of a maximum allowed fee which served as the basis of denying benefits.

29. The Defendants have provided no supporting evidence to deny Plaintiff's claim.

30. Several attempts to resolve the matter have ensued, but the Defendants continue to deny the balance of this claim.

31. The parties have also communicated many times by phone, as set forth in the electronic and written records kept by the Plaintiff of the communications it has had with the Defendants during the appeal process.

32. Plaintiff's litigation counsel, Ms. Marcie E. Schaap, sent a final appeal letter to the Defendants and/or their agent on July 1, 2020.

33. A copy of the Plaintiff's communication records was sent to the Defendants and/or their agents prior to this litigation being filed.

34. The Defendant has not paid the outstanding balance due to the Plaintiff for the treatment the Hospital rendered to B.L.

35. A balance of $10,984.39, plus interest, remains due to the Plaintiff from the Defendants for the treatment the Hospital rendered to B.L.

**FIRST CAUSE OF ACTION**
(Recovery of Plan Benefits Under 29 U.S.C. §1132(a)(1)(B))

36. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully stated herein.

37. The Plaintiff has submitted all proof necessary to the Defendants to support its claims for payment.

38. The Defendants have failed to provide evidence to the Plaintiff to support their basis for denial.

39. The Defendants have not fully reviewed or investigated all information sent to it by the Plaintiff and/or the Hospital, or available to it, which has caused the Defendants to deny this claim.

40. The Defendants have failed to bear their burden of proof that an exclusion or requirement in the Plan Document supports its denial of a large portion of the claim for B.L.'s treatment.

41. The Defendants failed to offer the Plaintiff a "full and fair review" as required by ERISA.

42. The Defendants failed to offer the Plaintiff "higher than marketplace quality standards," as required by ERISA. MetLife v. Glenn, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008).

43. The actions of the Defendants and/or their agents, as outlined above, are a violation of ERISA, a breach of fiduciary duty, and a breach of the terms and provisions of the Plan.

44. The actions of the Defendants and/or their agents have caused damage to the Plaintiff in the form of a denial of ERISA medical benefits.

45. The Defendants are responsible to pay the balance of the claim for B.L.'s medical expenses, and to pay Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), plus pre- and post-judgment interest to the date of payment of the unpaid benefits.

## SECOND CAUSE OF ACTION
(Breach of Fiduciary Duties Under 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3))

46. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

47. Defendants have breached its fiduciary duties under ERISA in the following ways:

   A. Defendants have failed to discharge its duties with respect to the Plan:

   1. Solely in the interest of the participants and beneficiaries of the Plan and

   2. For the exclusive purpose of:

      a. Providing benefits to participants and their beneficiaries; and

      b. Defraying reasonable expenses of administering the Plan.

   3. With the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

   4. By failing to fully investigate the Plaintiff's claims.

   5. By failing to fully respond to the Plaintiff's appeals and requests for information in a timely manner.

6. And in other ways to be determined as additional facts are discovered.

48. The actions of the Defendants in breaching its fiduciary duties under ERISA have caused damage to the Plaintiff in the form of denied medical benefits.

49. In addition, as a consequence of the breach of fiduciary duties of the Defendants, the Plaintiff has been required to obtain legal counsel and file this action.

50. Pursuant to ERISA and to the U.S. Supreme Court's ruling in IMS Corp. v. Amara, 131 S. Ct. 1866, 179 L.Ed. 2d 843 (2011), the Plaintiff's "make-whole relief" constitutes "appropriate equitable relief" under Section 1132(a)(3).

51. Therefore, the Plaintiff is entitled to payment of the medical expenses it incurred in treating B.L., as well as an award of interest, attorney's fees and costs incurred in bringing this action pursuant to the provisions of 29 U.S.C. §1132(g).

## THIRD CAUSE OF ACTION

(Failure to Produce Plan Documents Upon Written Request -
29 U.S.C. §§1024(b)(4) and 1132(c)(1))

52. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

53. The Plaintiff requested a copy of the SPD and Plan Document from the Defendants, or their agents, on the following dates:

    A. November 27, 2019; and

    B. July 1, 2020.

54. To date, the Defendants have not provided a copy of the SPD and/or Plan Document to the Plaintiff.

55. The actions of Newell in failing to provide, within thirty (30) days after a written request was made, a copy of relevant Plan documents, as requested on several occasions by the Plaintiff, is a violation of the provisions of 29 U.S.C. §1024(b)(4).

56. The violations of 29 U.S.C. §1024(b)(4) have damaged the Plaintiff by impeding its ability to determine the extent and scope of coverage under the Plan, hindering verification of the degree to which exclusions or limitations on coverage exist, impairing the Plaintiff's ability to pursue administrative appeal of the Plan's denial of payment, and hindering the Plaintiff's ability to determine whether the Defendants' denial was meritorious.

57. In addition, as a consequence of the failure of the Defendants to provide the requested information in a timely manner, the Plaintiff has been required to obtain legal counsel and file this action.

58. Pursuant to 29 U.S.C. §1132(c)(1) and 29 C.F.R. §2575.502c-3, the Plaintiff is entitled to payment of statutory damages of a maximum of $110.00 per day from thirty days after the date the information was requested to the date of the production of the requested documents, as well as an award of attorney's fees and costs incurred in bringing this action pursuant to the provisions of 29 U.S.C. §1132(g).

59. The maximum statutory damages which have accrued for the requests which Plaintiff has made for the Summary Plan Description (SPD) and Plan Document (PD), which went unanswered, is at least $158,730.00.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For judgment on Plaintiff's First Cause of Action in favor of the Plaintiff and against the Defendants pursuant to 29 U.S.C. §1132(a)(1)(B), for unpaid medical benefits in the amount of $10,984.39 for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

2. For judgment on Plaintiff's Second Cause of Action in favor of the Plaintiff and against the Defendants pursuant to 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3)), for breach of fiduciary duty and equitable damages in the form of unpaid medical benefits in the amount of $10,984.39 for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

3. For judgment on Plaintiff's Third Cause of Action, in the amount of $110.00 per day from 30 days following the date of each request, to the date of production of the requested documents against WGU, attorney's fees and costs incurred pursuant to 29 U.S.C. §1132(g), and post-judgment interest incurred to date of payment of the judgment.

For such other equitable relief under 29 U.S.C. §1132(a)(3) as the Court deems appropriate.

DATED this 19th day of April, 2022.

                MARCIE E. SCHAAP, ATTORNEY AT LAW

                By: /s/ Marcie E. Schaap
                      Attorney for Plaintiff